*Formatted for Electronic Distribution* *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:

    **Jean Ann LaVictoire,**      Chapter 13 Case
          **Debtor.**      Filed & Entered      # 10-10076
     On Docket
_____      March 29, 2011

In re:

    **Ronald Joseph LaVictoire,**      Chapter 13 Case
          **Debtor.**      # 10-10325

_____

*Appearances:*  Rebecca A. Rice, Esq.      *Andre D. Bouffard, Esq.*      *Jan M. Sensenich, Esq.*
                 Cohen & Rice      *Downs Rachlin Martin PLLC*      *Norwich, VT*
                 Rutland, VT      *Burlington, VT*      *Chapter 13 Trustee*
                 For the Debtors      *For TD Bank N.A.*

### ORDER
### GRANTING THE DEBTORS' MOTIONS TO AVOID JUDICIAL LIEN, OVERRULING IN PART AND SUSTAINING IN PART THE BANK'S OBJECTIONS TO CONFIRMATION, AND SETTING REMAINING OBJECTION ISSUE FOR CONTINUED CONFIRMATION HEARINGS

For the reasons set forth in the memorandum of decision of even date, THE COURT HEREBY FINDS that:

A.   the property located at 3337 Walker Mountain Road, in Clarendon, Vermont, has a fair market value of $175,000, and each Debtor has an undivided, one-half interest in the property valued at $87,500;

B.   each Debtor is entitled to claim a homestead exemption per 27 V.S.A. § 101 and 11 U.S.C. § 522 in the amount of $62,500; and

C.   the record is insufficient to make a determination as to the Bank's objection to confirmation on the basis that the amended plans fail to provide for payment of the Bank's claims in equal monthly amounts as required by 11 U.S.C. § 1325(a)(5)(B)(iii)(I).

Accordingly, IT IS HEREBY ORDERED that:

1. the Bank's objections to the Debtors' motions to avoid lien are OVERRULED;

2. Debtor Jean Ann LaVictoire's motion to partially avoid the Bank's judicial lien is GRANTED, and the lien is avoided to the extent of the $263,017.22 impairment, unless Mrs. LaVictoire's case is dismissed; the lien remains intact as to the remaining balance of $10,431.76;

3. Debtor Ronald Joseph LaVictoire's motion to partially avoid the Bank's judicial lien is

    GRANTED, and the lien is avoided to the extent of the $258,518.73 impairment, unless Mr. LaVictoire's case is dismissed; the lien remains intact as to the remaining balance of $17,700; and

4. to proceed in chapter 13, the Debtors must file second amended plans by April 21, 2011 that specify the following:

    a. which property they propose to sell;

    b. how the proceeds will be disbursed;

    c. the date by which the proceeds will be paid to the Trustee; and

    d. the order in which the secured creditors, including the Bank, are to be paid;

5. the Court will hold continued confirmation hearings in the above named cases at 2:00 p.m. on May 17, 2011 at the United States Bankruptcy Court, in Rutland, Vermont, and will address the Bank's outstanding 11 U.S.C. § 1325(a)(5)(B)(iii)(I) objection to confirmation at that time.

IT IS FURTHER ORDERED that:

6. the Bank's objections to confirmation on the bases that the amended plans rely upon an invalid assumption as to the extent to which the Debtors may avoid the Bank's judicial lien, 11 U.S.C. § 1322(b) prohibits the Debtors from modifying the Bank's claim, and Debtor Ronald Joseph LaVictoire lacks regular income to fund his plan under 11 U.S.C. §§ 101(30) and 109(e) are OVERRULED;

7. the Bank's objection to confirmation on the basis that the amended plans fail to provide for payment of interest on the Bank's claims as required by Till v. SCS Credit Corp., 541 U.S. 465 (2004) is SUSTAINED; and

8. the Debtors shall, in the second amended plans to be filed by April 21, 2011, provide for payment of interest on the Bank's claims consistent with Till.

SO ORDERED.

_____

March 29, 2011  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

2